**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAYNARD BAKER et al.,**

                **Plaintiffs,**            1:10-cv-1016
                                                    (GLS/RFT)

          v.

**NEW YORK STATE**
**DEPARTMENT OF ENVIRONMENTAL**
**CONSERVATION et al.,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Briggs, Norfolk Law Firm | MATTHEW D. NORFOLK, ESQ. |
| 2296 Saranac Avenue | |
| Lake Placid, NY 12946 | |
| | |
| **FOR THE DEFENDANTS:** | |
| HON. ERIC T. SCHNEIDERMAN | SUSAN LEE TAYLOR |
| Office of the Attorney General | Assistant Attorney General |
| Environmental Protection Bureau | |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**District Court Judge**

## SUMMARY ORDER

    Plaintiffs[1] commenced this action under Title II of the Americans with

---

    [1] Maynard Baker, Douglas K. Irish, Mark Schumaker, Ronald W. Dixon, Sr., Richard Kenny and Joseph Franklin.

Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12133, and the Supremacy Clause of the United States Constitution, alleging that defendants[2] "adoption, administration, enforcement, application and compliance with New York State Land Master Plan" violated both the ADA and the U.S. Constitution.  (*See* Compl. ¶¶ 1-2, Dkt. No. 1.)  Pending are plaintiffs' motion to amend their Complaint and defendants' cross motion for judgment on the pleadings.[3]  (*See* Dkt. Nos. 19, 24.)

Having reviewed all of the parties' submissions, the court concludes that: (1) plaintiffs' proposed Amended Complaint fails to cure the deficiencies raised in defendants' motion;[4] (2) defendants' argument regarding plaintiffs' standing is premature; (3) plaintiffs' argument under the Supremacy Clause is unavailing and conflates the purpose of the "Aviation

---

[2] New York State Department of Environmental Conservation ("DEC"); Pete Grannis, in his official capacity as Commissioner of the DEC; New York State Adirondack Park Agency ("APA"); Curt Stiles, in his official capacity as Chairman of the APA; David Paterson, Governor of the State of New York; and the State of New York.

[3] Defendants also oppose the filing of the Amended Complaint.  (*See* Dkt. No. 24.)

[4] Contrary to defendants' assertion, the deficiencies in the Complaint and proposed Amended Complaint are minimal.  For example, plaintiffs' Complaint failed to specify the areas of the park they wished to access and the reasonable accommodations necessary to facilitate such access.  Notwithstanding these omissions, plaintiffs cured many of the alleged deficiencies in their response.  (*See* Dkt. Nos. 30-32.)  Thus, in lieu of dismissal, the court deems it appropriate to allow plaintiffs to file a new Amended Complaint which addresses the deficiencies raised by defendants and further specifies the relief sought.  Thereafter, defendants may, if they so choose, renew their motion to dismiss and/or reassert any of their grounds for judgment at a later stage in the proceedings.

2

Program" statutes they cite;[5] and (4) plaintiff Franklin failed to plead factual allegations which show he is entitled to relief under the ADA.

**ACCORDINGLY**, it is hereby

**ORDERED** that plaintiffs' motion to amend (Dkt. No. 19) is **DENIED**; and it is further

**ORDERED** that plaintiffs shall—in accordance with requirements of, *inter alia*, N.D.N.Y. L.R. 7.1(a)(4)—file an Amended Complaint to cure the deficiencies articulated above, within thirty (30) days of this order; and it is further

**ORDERED** that defendants' cross motion for judgment on the pleadings and in opposition to plaintiffs' motion to amend (Dkt. No. 24) is **DENIED** with leave to renew within fourteen (14) days after the filing of the Amended Complaint; and it is further

**ORDERED** that if defendants elect not to challenge the sufficiency of the Amended Complaint, they must file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Treece to

---

[5] Moreover, plaintiffs' decision to sue the State, the Governor, and other officials in their official capacities may be unsustainable in the light of the doctrine of sovereign immunity.

schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 8, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge